ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE WRIGHT, | ) | CASE NO.  1:04CV2308 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter came before the Court following a remand was with instructions to conduct an evidentiary hearing on a petition to vacate, set aside, or amend sentence filed pursuant to 28 U.S.C. § 2255 by Petitioner Bruce Wright.  On remand, this Court was ordered to answer a narrow question:

> On remand, the district court need not conduct an extensive evidentiary hearing. "The statute does not require a full blown evidentiary hearing in every instance.... Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."  If the court determines that Wright expressly requested that his counsel appeal his sentence and that this request was ignored, then Wright was denied the effective assistance of counsel and he has a right to a direct appeal. If, however, the court determines that Wright did not make this express request, Wright's § 2255 motion should be denied because it fails on all other grounds.

*Wright v. United States*, 320 Fed. Appx. 421, 427 (6th Cir. 2009) (citation omitted).

In compliance with this mandate, the Court held an evidentiary hearing on September 29, 2009.  During the hearing, the Court heard testimony from Petitioner, his trial counsel Harvey Bruner, and his sister Evelyn Wright.

Evelyn Wright testified as follows.  She was present for Petitioner's sentencing hearing.  Immediately following the hearing, Bruner approached her and stated "I will file an appeal."  Roughly 24 to 48 hours after the hearing, she placed a call to Bruner's office and spoke directly to him.  Bruner indicated that he wanted to file an appeal but would need further payment before doing so.  Ms. Wright declined to offer any further payments as she believed the original payments covered all of the proceedings, including any appeal.  After that phone call, Ms. Wright had no further contact of any kind with Bruner.

Bruner testified as follows.  He remembered Petitioner being upset with the length of his sentence immediately following the Court's announcement of that sentence.  He has no memory of ever being asked to file an appeal on Petitioner's behalf.  Furthermore, it is his practice to always file a notice of appeal if an appeal is requested, even when he believes that an appeal would be frivolous.  Furthermore, lack of payment would not cause him to refuse to file an appeal.  Bruner also testified that he never spoke on the phone with Ms. Wright and that he never told her that he would file an appeal.  Bruner also remembered a call that came from Petitioner requesting that an appeal be filed.  This call was received by his secretary and came well beyond the 10-day period for filing an appeal.

Petitioner testified as follows.  Immediately after his sentence was announced, Bruner told him "You can appeal it."  Petitioner responded, "I want to appeal immediately."  Following this discussion in the courtroom on the day of sentencing, Petitioner had no further discussions with Bruner regarding an appeal.

3

The issue before the court, whether Petitioner requested an appeal be filed, effectively comes down to the credibility of the witnesses that appeared before that Court.  The Court readily concludes that Petitioner is completely lacking in credibility.

Initially, the Court notes that Petitioner's claim regarding an alleged breach of the plea agreement is not before the Court at this time.  However, Petitioner's allegations regarding that breach shed light on his credibility.  In open court during his change of plea, Petitioner swore under oath that no promises had been made to him beyond those contained in the written plea agreement before the Court.  Despite that sworn statement, Petitioner has filed numerous documents with the Court insisting that additional oral promises were made by the Assistant U.S. Attorney regarding his sentence.

The above is but one illustration of Petitioner altering his version of the "facts" to support his current argument.  As detailed above, Petitioner insisted during the latest hearing that his counsel, Bruner, broached the topic of an appeal with him immediately following sentencing, informing Petitioner of his right to appeal.  According to Petitioner, he informed Bruner immediately that he desired an appeal.  However, Petitioner painted a much different picture of the facts in 2004 when he sought to file a belated appeal.  In his "Motion for Order Allowing Belated Notice of Appeal" (Doc. 308, Case No. 1:03CR173), Petitioner stated as follows:

> Counsel failed or neglected [to] meet with the defendant so as to ascertain if the defendant desired to have an appeal…at any time subsequent to the imposition of sentence in this matter.
>
> Had counsel provided the defendant with the relevant and necessary information relative to an appeal defendant *would have requested* that counsel file a timely notice of appeal[.]"

4

Doc. 308 at 2 (emphasis added). Thus, when Petitioner needed to demonstrate that he was unaware of his appellate rights, he asserted that Bruner had never informed him of such a right and thus he had not requested an appeal. Now, when confronted with the need to demonstrate that he requested an appeal, Petitioner insists that Bruner immediately informed him of his right to appeal and that he in turn requested such an appeal.

Based upon Petitioner's history of altering the "facts" to fit his current legal argument, the Court affords no weight to his testimony. In contrast, Attorney Bruner indicated that he has been performing defense work since 1974. Bruner candidly admitted that his office received a phone call from Wright regarding an appeal, but that the call was not received until well after the appeal time had run. Bruner was also adamant that he *always* filed a notice of appeal if his client requested an appeal, even if he personally did not believe the appeal had merit. Accordingly, the Court finds that Bruner's testimony is more credible.

Additionally, to the extent that Ms. Wright seeks to corroborate her brother's testimony, the Court likewise affords her testimony little weight. During her testimony, Ms. Wright was absolutely certain that she had requested that Bruner file an appeal on her brother's behalf. She was also certain that she discussed the appeal with Bruner in the courtroom following her brother's sentencing and less than two days later in a phone call. Ms. Wright, however, was unable to remember that her mother had accompanied her to the sentencing and that this Court had afforded Petitioner an opportunity to speak with his mother following sentencing due to her illness at that time. The Court finds it more than a little strange that Ms. Wright would so precisely remember a conversation with her brother's attorney while being unable to remember the fact that her mother accompanied her to the sentencing hearing.

Finally, both Petitioner and his sister insist that they requested that an appeal be filed. However, by their own admissions, neither ever attempted to contact Bruner after the alleged phone call that occurred two days after sentencing.   In fact, Petitioner took no action whatsoever for more than nine months.  That period of inactivity undermines even further Petitioner's assertions that he was eager to have an appeal filed on his behalf.

Based upon viewing the witnesses give their testimony and the repeated inconsistencies in Petitioner's testimony and prior filings, the Court finds that Petitioner has failed to demonstrate that he requested that an appeal be filed on his behalf.   According, the petition is DENIED.   This matter is DISMISSED.   Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Petitioner may not take an appeal from the Court's decision in good faith, and that there is no basis upon which to issue a certificate of appealability.   28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

  September 30, 2009                             /s/   John R. Adams
Date                                             John R. Adams
                                                 U.S. District Judge